UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

                                Case No. 1:21-cr-01224-DHU

    -vs-

RONALD HARRISON,

      Defendant.

## ORDER DENYING DEFENDANT'S OPPOSED EMERGENCY MOTION FOR FURLOUGH

**THIS MATTER** is before the Court on defendant Ronald Harrison's Opposed Emergency Motion for Furlough to Travel to Visit Mother in Hospital from January 18, 2023, to January 25, 2023, filed on January 18, 2023. Doc. 86. The government opposes Mr. Harrison's motion, but because of its emergency nature indicated that it would not be filing a response. *Id.* at 3. Pretrial Services also opposes the motion. *See id.* at 2–3. For the following reasons, the Court DENIES Mr. Harrison's motion.

On August 11, 2021, Mr. Harrison was charged by criminal complaint with possession with intent to distribute 50 kilograms and more of a mixture and substance containing a detectable amount of marijuana, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and assault on a federal agent with a deadly weapon, in violation of 18 U.S.C. § 111(b). Doc. 1. On August 16, 2021, the Court held a detention hearing. *See* Doc. 13. The Court detained Mr. Harrison, finding first that Mr. Harrison had not rebutted the presumption that he should be detained. Doc. 15 at 2. But it also found by a preponderance of the evidence that Mr. Harrison was a flight risk,

and by clear and convincing evidence that he was a danger to the community, and that no

condition or combination of conditions would alleviate those concerns. *See id.* The Court based

its findings on its view that the evidence against Mr. Harrison was strong, Mr. Harrison's

criminal history (including an old escape conviction), and his lack of ties to this district. *Id.* at 2–

3. The Court was particularly concerned about the circumstances that led to Mr. Harrison's

arrest. It explained:

> The government presented strong evidence at the detention hearing that defendant
> deliberately rammed his car into a federal officer's car when the federal officer
> pulled another car over. Further investigation revealed that defendant was driving
> his car in tandem with his 19-year-old son. Defendant's son had [a] substantial
> amount of marijuana in his car, and when the federal officer stopped the car that
> defendant's son was driving, defendant rammed his car into the federal officer's
> vehicle while defendant's son drove away. The federal officer was injured and
> was unable to chase down the other vehicle because of defendant's actions.

*Id.* at 3.

On August 25, 2021, a federal grand jury returned an indictment against Mr. Harrison

charging him with assault upon a federal officer involving use of a deadly weapon, in violation

of 18 U.S.C. §§ 111(a) and (b); conspiracy to possess marijuana with intent to distribute, in

violation of 21 U.S.C. § 846; and possession of marijuana with intent to distribute and aiding and

abetting, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and 18 U.S.C. § 2. Doc. 17. A month

later, a grand jury returned a superseding indictment against Mr. Harrison charging him with the

same offenses but adding his son, Khalil Harrison, to the drug charges. *See* Doc. 24. Khalil

Harrison was taken into custody on November 29, 2021, Doc. 32, but was released to the third-

party custody of his sister on December 2, 2021, Doc. 44.

On September 8, 2022, both Mr. Harrison and his son pled guilty. Docs. 80, 81. Khalil

Harrison remains on release, and Mr. Harrison remains in custody. *See id.* Mr. Harrison pled

guilty to all three counts in the superseding indictment. *See* Doc. 78 at 2. His plea agreement

provides for a sentence between 0 and 60 months in prison pursuant to FED. R. CRIM. P. 11(c)(1)(C).  *Id.* at 7.  Mr. Harrison has been in custody since August of 2021.  *See generally* Docket.

Under 18 U.S.C. § 3143(a)(2), a judicial officer must order that someone in Mr. Harrison's circumstances be detained unless specific requirements are met, including a requirement that "the judicial officer find[] by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community."  Under Rule 46(c) of the Federal Rules of Criminal Procedure, the "burden of establishing that the defendant will not flee or pose a danger to any other person or to the community rests with the defendant."  In his motion, Mr. Harrison does not directly address either his risk of flight or whether he poses a danger to the community although he suggests that because he is facing a potential sentence of time-served, he is not likely to flee.  *See* Doc. 86 at 2.  Notably, however, the Court has twice previously found that Mr. Harrison is both a flight risk and a danger to the community.  *See* Docs. 15, 67.

Additionally, Mr. Harrison does not cite any authority that would permit the Court to grant his request for a furlough.  *See* Doc. 86.  It appears to the Court that the authority to grant a furlough rests with the Bureau of Prisons.  *See* 18 U.S.C. § 3622.  Although the Court may grant the temporary release of a person in pretrial detention under 18 U.S.C. § 3142(i), it may do so only for a "compelling" reason.  Although the desire to spend time with one's mother before she dies is certainly understandable, it unfortunately is not uncommon for those in custody to face the loss of loved ones while there.  The Court has not found a case that suggests that the desire to spend time with a loved one under such circumstances is "compelling" within the meaning of the

statute.  *See United States v. Alderete*, 336 F.R.D. 240, 266 (D.N.M. 2020) (relief under §

3142(i) should be used sparingly). In addition, as Judge Browning explained:

> The decision whether to release a defendant temporarily under § 3142(i) is . . .
> intertwined with the factors that the . . . judicial officer consider(s) at the
> defendant's detention hearing[] because the risk of nonappearance and danger to
> the community are front and center in the judicial officer's mind as he or she
> decides how compelling the defendant's reason for temporary release is.  These
> factors never go away.

*Id.* at 269.

Mr. Harrison has not carried his burden of proving by clear and convincing evidence that

he is neither a flight risk nor a danger to the community.  Mr. Harrison intentionally rammed his

car into a law enforcement officer's vehicle so that his son could get away.  Mr. Harrison now

asks the Court to release him to his son's custody so that he can visit his mother in another state.

Based on the information before the Court, Mr. Harrison has not proven by clear and convincing

evidence that he is neither a flight risk nor a danger to the community.

**IT IS THEREFORE ORDERED** that defendant Ronald Harrison's Opposed

Emergency Motion for Furlough to Travel to Visit Mother in Hospital from January 18, 2023, to

January 25, 2023 (Doc. 86) is denied.  The Court reminds Mr. Harrison that he is free to appeal

this order and/or seek to move his sentencing hearing forward so that he can be sentenced as

soon as possible.

DATED this 18th day of January 2023

_____
Laura Fashing
United States Magistrate Judge